## CHANDLER v. THOMPSON.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

No. 883.

**1. JUDGMENT—FRAUD OF OTHER CREDITORS—COLLATERAL ATTACK.**

Judgments offered as claims against the estate of a bankrupt are open to collateral attack on the petition of a creditor alleging that they represented no real indebtedness, but were fraudulently and collusively confessed and entered pursuant to a scheme between the judgment creditor and the bankrupt to defraud other creditors of the latter.

Appeal from the District Court of the United States for the District of Indiana.

Herman W. Stillman, for appellant.

Perry L. Turner, for appellee.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

GROSSCUP, Circuit Judge, delivered the opinion of the Court:

The appellant, Frank R. Chandler, is a judgment creditor of the bankrupt, upon a judgment for costs rendered in Cook County, Illinois. The appellee is also a judgment creditor of the bankrupt, in two judgments for $14,427.40 and $12,803.40, entered by confession in the Circuit Court of Cook County, Illinois, June 13th, 1896, upon judgment notes dated January 4th, 1896; one of said judgments being in favor of appellee, and the other in favor of one Minnie A. Perham, subsequently assigned to appellee. The appellee and Minnie A. Perham, are daughters, by a former wife, of one Alfred L. Ward, husband of Clara E. Ward.

Clara E. Ward having been declared a bankrupt, and the judgments before mentioned having been offered as claims against the estate, a petition was filed by appellant objecting to said judgments as claims, and praying their disallowance upon grounds stated as follows:

"And the undersigned upon information and belief, charges the fact to be that the said bankrupt, Clara E. Ward, never borrowed any money from the said Minnie A. Perham, or Alice A. Thompson, and was never indebted to them, or either of them, and never knowingly executed any promissory notes to their order, or powers of attorney to confess judgments in their favor, for any sum whatsoever, and that the notes upon which the said confessions were entered, and the powers of attorney thereto attached were caused to be executed by the said Alfred L. Ward, and said confessions were entered and said creditor's bill filed, all by and at the instigation of the said Alfred L. Ward, as part of a scheme on the part of the said Alfred L. Ward in aid of said suit in the name of Clara E. Ward against said firm, and as a further suit against said firm in case said first named suit should terminate favorably to said firm; and that said confessions were designed to hinder, delay and defraud the said firm of Chandler and Company and the owners of said mortgages, and that the same are fraudulent, and should be disallowed and discharged by this Honorable Court."

When the case came on for hearing before the referee, evidence was offered in support of the objections, but excluded upon the ground that the judgments could not be impeached in any court other

¶ 1. See Judgment, vol. 30, Cent. Dig. § 958.

than the one in which they were rendered; and it is upon this ruling, approved by the court, that the real question in this appeal is presented.

The averments, in the petition, of fraud- and collusion are inartistically drawn. They show in substance, however, that no real debt underlay the judgments, but that the judgments were entered in pursuance of a scheme (to which both judgment creditor and judgment debtor were parties) to hinder, delay, and defraud certain claimants, in the collection of claims pending against Clara E. Ward.

The case, thus presented, is not that of an attack collaterally upon the judgments by the parties thereto, or their privies. It is the case of an attack by the trustee of third persons, strangers to the judgment, whose rights and interests would be injuriously affected, if the judgments were allowed to stand proved as claims. As to such persons, a judgment procured through the collusion of the parties thereto, and founded upon no real debt, is to be treated as void, and open to collateral attack whenever, and wherever it may come in conflict with their rights or interests. Black on Judgments, § 293. A judgment not founded on an actual debt or other legal liability, due or enforceable at the time of its entry, will not be upheld against creditors of the judgment debtor. Palmer v. Martindell, 43 N. J. Eq. 90, 10 Atl. 802.

The District Court should have given appellants an opportunity to prove the allegations of their petition, and for failure to so do, the order appealed from is reversed, with instructions to proceed further, in accordance with this opinion.