CAMPBELL et al. v. BALCOMB.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1910.)

No. 1,673.

BANKRUPTCY (§ 166*)—VOIDABLE PREFERENCES—KNOWLEDGE OF CREDITOR'S AGENT.

Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), which makes a preference voidable if the creditor "or his agent acting therein shall have had reasonable cause to believe" that a preference was intended, states the whole law on that subject, and it is immaterial how or when the agent obtained his knowledge, or that he had confidential relations with the bankrupt, or personal interests which prevented him from disclosing his knowledge to his principal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 258; Dec. Dig. § 166.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by F. W. Balcomb, trustee in bankruptcy of the Lawrence Manufacturing Company, bankrupt, against Albert Campbell and Harry A. Dubia, doing business as the Industrial Savings Bank. Judgment for plaintiff, and defendants bring error. Affirmed.

Hugh L. Burnham, for plaintiffs in error.

F. W. Balcomb, pro se.

Before BAKER and SEAMAN, Circuit Judges, and HUMPHREY, District Judge.

BAKER, Circuit Judge. Defendant in error instituted this action to recover an alleged preferential payment made by the insolvent to the plaintiffs in error.

At the conclusion of plaintiff's evidence the defendants moved for a directed verdict in their favor. This motion was overruled, and the defendants, determining to stand on the record, introduced no evidence.

An assignment that the declaration is insufficient to support the judgment has not been very seriously urged, and we pass it with the statement that on examination we find each count adequate to withstand objections which were not made until after verdict.

Plaintiff's evidence showed that the defendants on February 6, 1906, being then the owners of a promissory note maturing on February 16, 1906, made by the Lawrence Manufacturing Company (the bankrupt herein), forwarded the note to the Oak Park Savings Bank for collection; that the Lawrence Manufacturing Company was then insolvent, had ceased to do business, was collecting its receivables, and was negotiating a sale of its plant; that this state of affairs was known to the Oak Park Bank; that a sale was consummated on February 10, 1906, and out of the proceeds of this sale and of collections enough was turned over to the bank to cover in full its own claim and that of the defendants; that on February 16, 1906, the bank remitted to

the defendants the full amount of the note; that for a long time the bank had been a creditor of the Lawrence Manufacturing Company and the company had been a creditor (depositor) of the bank; that on a petition filed June 9, 1906, the company was adjudged bankrupt, and later the plaintiff was elected trustee. There was no proof that the defendants had any actual notice of the condition and doings of the company.

One contention for reversal is that the knowledge of the bank was not chargeable to the defendants because it was not obtained "during and as a part of the transaction of demanding and receiving payment of the note." The asserted limitation is too narrow, for the principal is bound by the knowledge of the agent acquired within the scope and during the continuance of his employment. 31 Cyc. 1587, 1593. When the bank on February 6th received the note for collection, agency was then established and authority at once accrued to represent the defendants in securing the note so that payment should be made at or before maturity on the 16th; and the knowledge acquired and the steps taken by the bank during the intervening 10 days were assignable as much to the protection and enforcement of the defendants' claim as of the bank's own claim.

Further grounds for reversal are predicated on the proposition that:

"The rule that notice to an agent is notice to the principal being based upon the presumption that the agent will transmit his knowledge to his principal, the rule falls when the circumstances are such as to raise a clear presumption that the agent will not perform his duty." 31 Cyc. 1595.

It is urged, first, that the relations between the bank and the company were so confidential that it was not the duty of the bank to impart its knowledge to the defendants. But the relations proven were only those of borrower and lender; there was no evidence that the bank obtained any information that would not have been readily accessible to any creditor who was on the ground to look after his claim. It is urged, secondly, that the self-interest of the bank in holding its own preferential payment would prevent it from making a disclosure to the defendants. But the defendants, when told, would have the same self-interest in keeping the condition and doings of the company secret. We are of the opinion, however, that the decision should not be rested on the alleged exceptions' inapplicability to the evidence, or on an inquiry into the validity and scope of the alleged exceptions to the rule regarding the agent's knowledge as a matter of general jurisprudence, for we conceive that this part of the case is clearly governed by the statutory law. Section 60b provides:

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee." Act July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445).

The statute purports to give the whole law on the subject. In it we find no exceptions to the effect that a preferred creditor may hold his advantage provided his agent and the insolvent have confidential

relations, or provided his agent has self-interests antagonistic to a disclosure to his principal. To interpolate such exceptions we deem beyond the proper sphere of statutory construction and violative of the spirit of the act wherein equality of distribution of the bankrupt's inadequate assets is a prime object.

The judgment is affirmed.