## BALCOMB v. OLD NAT. BANK et al.

(Circuit Court of Appeals, Seventh Circuit. December 2, 1912.)

### No. 1,884.

BANKRUPTCY (§ 166*)—VOIDABLE PREFERENCES—"AGENT" OF CREDITOR—COLLECTING BANK.

A bank which was holder of a note made by a corporation indorsed it, and sent it to its Chicago correspondent "for collection and credit." The Chicago bank indorsed and forwarded it to another bank "for collection and remittance." The latter made collection and remittance, and the proceeds were credited by the Chicago bank to the owner of the note. The payment was made within four months prior to the bankruptcy of the maker which was then insolvent, and intended a preference, and the local bank had reasonable cause to believe that a preference was intended, but neither the owner of the note nor the Chicago bank had any knowledge of the maker's condition or purpose. *Held*, that in the absence of any statutory regulation or special contract or usage having the force of law, while the collecting bank was the agent of the Chicago bank, it was not the agent of the creditor, within the meaning of Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445) as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1506), and the payment was not recoverable thereunder as a voidable preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253, 255–258; Dec. Dig. § 166.*

For other definitions, see Words and Phrases, vol. 1, pp. 262–273; vol. 8, p. 7569.]

In Error to the District Court of the United States for the Eastern District of Wisconsin; A. L. Sanborn, Judge.

Action at law by F. W. Balcomb, trustee in bankruptcy of the Lawrence Manufacturing Company, against the Old National Bank and the Paine Lumber Company, Limited. Judgment for defendants, and plaintiff brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. W. Balcomb, of Chicago, Ill., for plaintiff in error.

Carl D. Jackson and John C. Thompson, both of Oshkosh, Wis., for defendants in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error failed in his action to recover an alleged preferential payment.

With one exception the facts are the same as in Campbell v. Balcomb, 183 Fed. 766, 106 C. C. A. 474. In both cases the collections were made through the Oak Park Bank, of Oak Park, Ill., as agent, and the agent knew the insolvent's condition and purpose, and "had reasonable cause to believe" that preferences were intended. In the Campbell Case the Oak Park Bank was unquestionably the agent of the creditor, and the payment was recovered by the trustee as a preference. Here the creditor, the owner of the note executed by the insolvent, was the Old National Bank, of Oshkosh, Wis. The Old National indorsed the note in blank, and mailed it to the First National Bank, of Chicago, Ill., with instructions that it was sent "for collection and credit." The First National indorsed and forwarded the note to the Oak Park Bank "for collection and remittance." The insolvent paid the Oak Park Bank, which remitted the amount to the First National, and the latter in turn credited the Old National. Neither the Old National nor the First National knew the insolvent's condition or purpose, and, of course, had no cause to believe that a preference was intended.

Under section 60b a payment which the bankrupt intends to be preferential cannot be recovered unless the creditor "or his agent acting therein" had reasonable cause to believe that a preference was intended. Was the Oak Park Bank the agent (or subagent) of the Old National, or was it only the agent of the First National?

Tested by the rule of commercial law laid down in Exchange National Bank v. Third National Bank, 112 U. S. 276, 5 Sup. Ct. 141, 28 L. Ed. 722, as "controlling in all cases in the federal courts," the question is one of privity. If a bank that receives from a customer for collection and credit a note against a payor at a distant point thereby undertakes only to use diligence in selecting a collecting bank —if the first receiving bank and other intermediate banks are mere conduits through which a direct connection is made between the owner and the collector—then privity exists, and the collecting bank is the agent of the owner. This is the rule adopted by several state courts, and is the special contract or usage which many banks, in view of conflicts respecting the true rule, have established with their customers. On the other hand, if the receiving bank undertakes as an independent contractor to collect the note, it is a matter of indifference to the owner whether the receiving bank collects through its own officers or through other agents specially employed for that purpose, the owner's only relationship is with the receiving bank, and there is no privity between the owner and the collector. And this is the rule promulgated by the Supreme Court as applicable, "in the absence of statutory regulations

or special contract or usage having the force of law," to the act of the owner of commercial paper in depositing it in a bank "for collection and credit." "Where a bank, as a collection agency, receives a note for the purposes of collection, its position is that of an independent contractor, and the instruments employed by such bank in the business contemplated are its agents and not the subagents of the owner of the note."

Exchange National Bank v. Third National Bank, supra, was a negligence case. That is, the question was whether or not the receiving bank could successfully defend against its alleged liability for the negligence of the collecting bank by asserting that the collecting bank was the agent of the owner (the plaintiff bank), and that the plaintiff bank, of course, could not recover for negligence chargeable to itself. In overruling the defense the Supreme Court reviewed Hoover v. Wise, 91 U. S. 308, 23 L. Ed. 392, a preference case, in which the intervention of an independent contractor was held to protect the owner from being chargeable with the collector's act of taking the money from the insolvent with guilty knowledge. When the action against Wise to recover the preference was instituted, the collector had remitted the proceeds to the independent contractor, but the latter had not yet turned over the money to the owner. "Whether a different conclusion would have been reached if the money had come to the hands of (the owner)," the Supreme Court said, "we are not called upon to consider." But, the question being one of privity between the owner and the collector, it is hard to see how the supposititious circumstance could have altered the case. When the money was collected by the independent contractor, who was indisputably the owner's agent, it was collected by the owner according to the familiar maxim, "Qui facit per alium facit per se." And, further, it seems difficult to distinguish between a negligence case and a preference case. If the intervention of an independent contractor is an impervious wall between the owner and the collector's wrongful act of commission or omission relating to the collection, it should equally cut off the owner from the collector's wrongful act in making the collection with guilty knowledge. In both, the point is lack of privity between owner and collector.

On the present record, with no showing of "statutory regulations or special contract or usage having the force of law," it seems to us impossible to do otherwise than hold that the First National was the independent contractor to collect for the Old National, and that there was no privity between the Old National and the Oak Park Bank. If this results in a supposed omission from the general purpose of the Bankruptcy Act to distribute the bankrupt's inadequate assets equally among his creditors, it is the prerogative of Congress to include in section 60b, not only the owner's agent, but the agent's agent down to and including the agent that actually collects for the last transmitting agent.

The judgment is affirmed.