In re CONTINENTAL ENGINE CO.

BAIRD v. SMITH.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1916.)

No. 2309.

1. BANKRUPTCY ⬤⟹100(1)—ADJUDICATION—PERSONS ESTOPPED.
    Where the alleged bankrupt and a creditor resisted an involuntary petition because a petitioning creditor's claim was invalid and not provable, but later consented to the adjudication, *held*, that the trustee was not estopped from contesting the claim on behalf of all, or any noncontesting, creditors.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 142, 143; Dec. Dig. ⬤⟹100(1).]

2. BANKRUPTCY ⬤⟹339—CLAIMS—REDUCTION.
    The reduction of an alleged debt to judgment in a state court before bankruptcy does not exempt it from attack by or on behalf of creditors who would be injuriously affected by its allowance in bankruptcy proceedings.
    [Ed. Notes.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 526; Dec. Dig. ⬤⟹339.]

3. BILLS AND NOTES ⬤⟹63—DELIVERY—ADDITIONAL DELIVERY.
    Where the maker's president signed and handed a note to the payee as evidence of a commission he was to receive, and with the understanding that it was not to be effective until signed by the maker's treasurer, *held*, there was no delivery.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 95–103; Dec. Dig. ⬤⟹63.]

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. CORPORATIONS ⊛➾429—PRESUMPTIVE AUTHORITY OF PRESIDENT—TO WHOM AVAILABLE.**

Any presumptive authority that the president of an Illinois business corporation may have to execute notes for its ordinary business transactions is not available to a payee who knew the notes were given for other purposes.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1720–1723, 1725; Dec. Dig. ⊛➾429.]

**5. CORPORATIONS ⊛➾406(2)—AUTHORITY OF OFFICERS—PRESIDENT.**

Neither the securing of new capital by selling additional stock, nor agreeing to pay commissions for such sales, is an ordinary business transaction, within the implied power of a corporation's president, who acted as its general manager.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1612; Dec. Dig. ⊛➾406(2).]

**6. CORPORATIONS ⊛➾414(2)—AUTHORITY OF OFFICERS—PRESIDENT—NOTE.**

A note signed by a corporation's president for commissions to be earned by selling the corporation's stock is invalid between the parties, when its making was unauthorized by the corporation's directors or shareholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1641; Dec. Dig. ⊛➾414(2).]

**7. BILLS AND NOTES ⊛➾97(1)—REQUISITES—FAILURE OF CONSIDERATION.**

Where a note is given by a corporation for commissions to be earned by selling its stock, and the payee does nothing, there is a failure of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 166; Dec. Dig. ⊛➾97(1); Contracts, Cent. Dig. §§ 399, 400.]

**8. BILLS AND NOTES ⊛➾354—ASSIGNMENT—RIGHTS OF ASSIGNEE—STATUTE.**

Under Negotiable Instrument Law Ill. (Laws 1907, p. 410) § 54, a transferee can recover only the amount paid for a note before receiving notice of defects in it.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 904, 905; Dec. Dig. ⊛➾354.]

**9. BILLS AND NOTES ⊛➾332—BONA FIDE PURCHASER—ACTUAL NOTICE OF CONDITION.**

The transferee of a note *held* to have taken it with notice, where he admitted having known where the payee got it and what it was for.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 805, 815, 816; Dec. Dig. ⊛➾332.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of Illinois.

In the matter of the bankruptcy of the Continental Engine Company. From an order overruling the referee's disallowance of a claim filed against the bankrupt's estate, the trustee appeals. Reversed and remanded, with directions.

Wm. H. Hartzell, of Quincy, Ill., for appellant.
Wm. E. Rafferty, of Chicago, Ill., for appellee.

Before MACK and ALSCHULER, Circuit Judges, and ANDERSON, District Judge.

MACK, Circuit Judge. Appeal from an order overruling the referee's disallowance of a claim filed against the bankrupt's estate and allowing it for $5,026, something less than the amount claimed.

⊛➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] 1. Smith was one of three petitioning creditors. The bankrupt and one creditor contested the petition, asserting, inter alia, that Smith's claim was not valid and provable. Subsequently, however, and after a partial hearing, the adjudication was expressly consented to and the order of adjudication was entered. For the reasons fully stated by Judge Sanborn in his dissenting opinion in Ayres v. Cone, 138 Fed. 778, 71 C. C. A. 144, with which we entirely agree, this adjudication cannot estop the trustee acting on behalf of all creditors or any non-contesting creditors from denying the validity and provability of Smith's claim.

[2] 2. The claim was founded on a judgment rendered by default in the state court. The reduction of an alleged debt to judgment in a state court before bankruptcy does not exempt it from attack by or on behalf of creditors who would be injuriously affected by its allowance, when such allowance is sought in bankruptcy proceedings. Chandler v. Thompson, 120 Fed. 940, 57 C. C. A. 230.

3. The judgment was rendered on a demand note for $5,000, dated March 27, 1913, and executed in the name of the bankrupt by its president. It was purchased by the claimant on April 10, 1913, for $2,500, of which $600 was paid in cash and $320 in driblets thereafter. No more appears ever to have been paid. Suit thereon was begun April 18, 1913, and the bankruptcy petition was filed June 16, 1913.

[3] (a) The note was never delivered as a note. Under the uncontradicted testimony, it was handed to the payee simply as evidence of a commission that he was to receive for selling bankrupt's increased capital stock, but not to be effective until signed by bankrupt's treasurer in accordance with the by-laws requiring both signatures. Storey v. Storey, 214 Fed. 973, 131 C. C. A. 269.

[4-6] (b) Whatever may be the presumptive authority of the president of an Illinois business corporation to execute notes for its ordinary business transactions (see cases cited in Hallett v. St. Vincent College, 201 Fed. 471, 119 C. C. A. 647), there is no such presumption in favor of a payee who knows that the notes were given for other purposes. Neither securing fresh capital by the sale of additional stock, nor contracting to pay commissions therefor, is an ordinary business transaction of the corporation, within the implied powers of the president acting as general manager; so that, irrespective of the by-laws or the specific condition upon which alone the note was to become effective, it was invalid as between the parties, because unauthorized either by the directors or the shareholders of the bankrupt.

[7] (c) The consideration totally failed; the payee did absolutely nothing that would have entitled him to commissions, even had the execution of the contract or note been duly authorized; and the deal was off before the transfer to Smith.

[8, 9] (d) As Smith has not even paid the agreed purchase price, his claim could in no event exceed the amount paid (Illinois Neg. Instr. Act [Laws 1907, p. 410] § 54), even if he were otherwise a holder in due course. But in view of his own testimony, that he knew where the payee got the note and what it was for, and irrespective of

any possible charge of constructive notice because of the inadequate price paid, he must be held to have had actual notice of all the facts.

The order allowing the claim must be reversed, and the cause remanded, with directions to sustain the objections and to disallow the claim.