## In re STUCKY TRUCKING & RIGGING CO.

(District Court, D. New Jersey. February, 1917.)

1. CORPORATIONS ⚹484(1)—ULTRA VIRES ACTS—GIVING NOTE FOR STOCKHOLDER'S DEBT.

Where, on a sale by a stockholder of his stock in a corporation to a third person, the corporation executed to him its note for the purchase price, the transaction was ultra vires, especially as in one aspect the effect of the transaction was to constitute the seller a creditor of the corporation without it having received any benefit, while in another aspect it amounted to a loan to the buyer, in violation of Corporation Act N. J. (Laws 1896, c. 185) § 48, forbidding loans by corporations to stockholders or officers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815.]

2. BANKRUPTCY ⚹339—CLAIMS—JUDGMENTS—COLLATERAL ATTACK.

Where a judgment on notes executed by a corporation to a former stockholder for the purchase price of his stock sold to a third party was obtained by default a few days before bankruptcy, without any effort by the company to defeat the action, the judgment could be collaterally attacked in bankruptcy proceedings, as collusion or fraud would be conclusively presumed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 526.]

In Bankruptcy. In the matter of the Stucky Trucking & Rigging Company, bankrupt. On petition to review an order of the referee disallowing the claim of Joseph B. Stucky. Order affirmed.

See, also (D. C.) 240 Fed. 427.

Peter Bentley, of Jersey City, N. J., for claimant.
Samuel Heyman, of Jersey City, N. J., for trustee. .

HAIGHT, District Judge.    [1] That part of the claim in question which has not been reduced to judgment, and which is based on promissory notes given by the bankrupt, admittedly, for an indebtedness of a third party to the claimant, is unquestionably an unenforceable obligation against the bankrupt.   It would be difficult, indeed, to imagine a more flagrant example of an ultra vires contract than that which resulted in giving the notes in question.   They represent part of the purchase price of a certain amount of the capital stock of the bankrupt corporation which Allen individually purchased from Stucky, and for which the corporation received no benefit or consideration whatever.   If a transaction of this kind were to receive legal sanction, there would be no security either in corporate investment or in the dealings between a corporation and those who might become its creditors.   In addition, in one aspect, the legal effect of such a transaction would be to constitute Stucky a creditor rather than a stockholder of the corporation, without the latter having received any benefit therefor; and in another it would amount to nothing more nor less than the loan by the corporation of money to Allen, a stockholder and officer, which is specifically prohibited by section 48 of the New Jersey Corporation Act.   This vice being inherent in all of the notes, the only remaining question is whether any additional validity has been given to such of them as were reduced to judgment.

[2] The judgment, admittedly, was entered by default a few days before the petition in bankruptcy was filed; no defense having been interposed nor any effort made by any of the officers of the company to defeat the action or question the legal right of the plaintiff therein to recover as against the corporation.   It must be borne in mind that this is not a case where there has been a contest in another court respecting the enforceability of the notes and in which such court has pronounced a solemn judgment.   While it is undoubtedly true that a judgment cannot be collaterally attacked, even by creditors or their representative, except for lack of jurisdiction, fraud, or collusion, I think it admits of no doubt that under the facts of this case, as above detailed, collusion or fraud in law must be conclusively presumed as respects creditors or their representative.   Palmer v. Martindell, 43 N. J. Eq. 90, 10 Atl. 802.   That such a judgment may be collaterally attacked in bankruptcy proceedings, on the grounds before mentioned, seems likewise to be clear.   Chandler v. Thompson (C. C. A., 7th Cir.) 120 Fed. 940, 57 C. C. A. 230;  In re Continental Engine Co. (C. C. A., 7th Cir.) 37 Am. Bankr. R. 102, 234 Fed. 58, 148 C. C. A. 74.   It is urged, however, that the objections filed by the trustee to this claim were not sufficiently broad to raise the question just discussed. While they were not as specific as they might have been, I think they were broad enough to cover the kind of fraud which I think invalidates this judgment, especially in view of the conclusive presumption before mentioned.

The referee's order will accordingly be affirmed.