## In re NELSON.

District Court, D. Idaho, S. D. September 9, 1929.

No. 3972.

Wm. M. Morgan, of Boise, Idaho, for petitioner.

C. S. Hunter, of Boise, Idaho, for trustee.

Harry C. Wyman, of Boise, Idaho, for bankrupt.

Paris Martin, of Boise, Idaho, for objecting creditors.

CAVANAH, District Judge. This is a petition in a bankruptcy proceeding, filed by John Legarreta, claiming to be a creditor of the bankrupt, to review an order of the referee, made on August 15, 1929, requiring a hearing before him to determine the validity of the claim of petitioner. The nature of the claim is evidenced by a judgment of the state district court and judgments of the probate court, which are all asserted by the petitioner to be in all respects régular, final, and valid, and to hold such hearing would entail great expense, loss, and disadvantage to him, and deny to the courts of the state full faith and credit. The bankrupt and certain creditors have objected to the allowance of the claim. In the bankrupt's voluntary petition, he did not schedule or recognize these judgments as claims against the estate. About June 19, 1929, petitioner filed his claim, in which he asserts that the bankrupt is indebted to him in the sum of $3,878.39, evidenced by promissory notes of the bankrupt which were sued upon in actions brought in the probate court of Valley county, where judgments were entered on May 20, 1929, and also an action brought in the district court of the seventh judicial district of the state in Valley county.

The facts are that the voluntary petition of the bankrupt was filed May 23, 1929, and he was on the same day adjudged a bankrupt. On May 10, 1929, six actions were instituted upon the notes by petitioner in the probate court of Valley county, Idaho, and as shown by the uncontradicted affidavit of the bankrupt he appeared in the probate court on May 15, 1929, within the time specified in the summons, and made verbal answer in the probate court to the complaints, in which he denied that there was any consideration for the notes on which the several actions were based, and that each was given as a gambling debt from the bankrupt to the petitioner for money that petitioner won from him in a so-called percentage gambling game; that the court then accepted the answers, and set the cases down for trial for June 4, 1929. Thereafter, on May 17, 1929, and without notice to the bankrupt, the court entered his defaults, and on May 20, 1929, the judgments were entered. On the 15th of May, when the bankrupt had appeared in the probate court, he requested the judge to send to Mr. Harry Wyman, his attorney at Boise, the names and addresses of some 13 persons whom he wished to use as witnesses in his case, and which was done, as appears by his letter to Mr. Wyman. In the meantime, and relying on the statement of the judge that the cases had been set down for June 4th, the bankrupt notified his attorney of his answers made and the date of the trial, and made arrangements for his witnesses and accommodations at the hotel in Cascade, the county seat, for the trial on June 4th. Thereafter, on June 18th, a motion in the probate court was made by counsel for the bankrupt to set aside the defaults and vacate the judgments, which was denied by the court on July 23, 1929.

It is conceded that these judgments, which were rendered within the four months period prior to the filing of the petition in bankruptcy, may be attacked for fraud, collusion, or lack of jurisdiction of the court rendering them. Remington on Bankruptcy, vol. 2, p. 346; In re Thompson (D. C.) 276 F. 313; In re Stucky Trucking Co. (D. C.) 243 F. 287; In re Continental Engine Co. (C. C. A.) 234 F. 58. And should it appear that the court did not have jurisdiction at the time they were entered, then there seems to be no question that they should not be allowed as provable claims, and the doctrine of full faith and credit to be given to judgments

of state courts would not apply, because lack of jurisdiction in the court to render the judgments is open to attack in the bankruptcy court.

We then turn to the principal question here, as to whether, under the record presented on this hearing, the probate court had at the time jurisdiction to render the judgments. This requires, first, a consideration of the state statute covering proceedings in civil actions instituted in the probate courts. The practice in justice courts applies to these cases instituted in the probate court. By section 7072 of the Compiled Statutes of the state, it is provided:

"Sec. 7072—Pleadings in justice's court:

"1. Are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended.

"2. May, except the complaint, be oral or in writing.

"3. Need not be verified, unless otherwise provided in this Code.

"4. If in writing, must be filed with the justice.

"5. If oral, an entry of their substance must be made in the docket."

■■ It will be observed from the statute that pleadings in those courts are not required to be in any particular form, and may, except the complaint, be oral or in writing. If oral, an entry of their substance must be entered in the docket. No such entry was made by the judge in his docket of an oral answer having been made by the bankrupt. So the question resolves itself into one of fact. Does it appear that the bankrupt on May 15, 1929, made oral answers to the complaints? If he did, and the probate judge failed to enter their substance in his docket, and on May 17th entered defaults of the bankrupt while the cases were pending on the complaints and oral answers, and, without knowledge of the bankrupt, entered judgments, after having set the cases for trial on June 4th, there can be no question but what they were prematurely entered and are void, and are not enforceable judgments against the bankrupt's estate. Under the facts as stated, I am forced to the conclusion that the bankrupt, who was the defendant in the cases, appeared in person before the probate judge on May 15th, after having been served with summons, and within the time required by law, and made his oral answers to the complaints, in which he denied liability on the notes, and the cases were set down for trial by the judge on June 4th. His uncontradicted affidavit clearly establishes that, and is corroborated by the letter written at the time by the judge to counsel for the bankrupt, which shows that the cases were to be tried. The conduct of the bankrupt, his counsel, and the judge convinces me that the bankrupt had appeared in the probate court in time and made his oral answers, and the cases were then set down for trial, which was never granted to him. If these facts, set forth in the affidavits of the bankrupt, his counsel, and the letter written by the judge, are not true, they could have been contradicted by the judge; but he remains silent, and by doing so I must conclude that the facts are as presented by the bankrupt.

■ Although a void judgment does not appear on the face of the docket, yet it may be vacated if the evidence shows, as it does on this hearing, that it was entered prematurely and when the defendant was not in default. Miller v. Prout, 33 Idaho, 709, 716, 197 P. 1023. The Supreme Court of the state has adopted the rule that "if, therefore, the judgment entered by the clerk was void because of want of jurisdiction to enter the same, a motion to set aside such void judgment could be made at any time, and the moving party is not limited as to time within which such application is to be made." Shumake v. Shumake, 17 Idaho, 649, 663, 107 P. 42, 47.

■ So the six judgments being void for want of jurisdiction in the probate court to enter them at the time they were entered, the statutory provisions relative to appeal, and motion to set them aside, do not apply because the bankrupt is not asking for relief from the judgments by default taken against him by his mistake, inadvertence, surprise, or excusable neglect, but the mistake seems to have been made by the probate court and counsel for the plaintiff in entering default judgments when the defendant was not in default.

In regard to the judgment of the district court for $723.25 principal, $72 attorney's fee, and costs for $132.73, entered within the four months period, and which is included in the order of the referee, there does not seem to be any controversy as to it not being a provable claim against the assets of the bankrupt and as a claim in the same class as general creditors, and therefore should be allowed as a claim to probate with other general creditors of the bankrupt.

In view of the conclusion here reached, it becomes necessary to modify the order of the referee in regard to the judgment entered in the District Court, to the extent that the same is not to be included in the hearing to be had before the referee, but that por-

tion of the order requiring a hearing as to the six notes involved in the six judgments entered by the probate court is sustained.