## In re GANET REALTY CORPORATION.

### IRVING TRUST CO. v. METROPOLITAN LIFE INS. CO.
### No. 111.

Circuit Court of Appeals, Second Circuit.
June 8, 1936.

David W. Kahn, of New York City (Nathan Siegel, of New York City, of counsel), for appellant.

Tanner, Sillcocks & Friend, of New York City (Henry J. Sillcocks, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Upon a petition filed May 24, 1933, Ganet Realty Corporation was adjudicated bankrupt. Metropolitan Life Insurance Company filed its proof of claim for $287,-150.20 based on deficiency judgments recovered in two actions brought in the Supreme Court of New York to foreclose first mortgages on property of the bankrupt. Prior to the filing of the petition in bankruptcy, each action had proceeded to a judgment of foreclosure and sale and the property had been bid in by the mortgagee at the sale. In one foreclosure the deficiency judgment had been docketed prior to bankruptcy; in the other it was docketed afterward. The trustee moved to reexamine and expunge the claim on the ground that in each case the fair value of the property bid in by the mortgagee exceeded the amount of the mortgage debt. The referee's denial of the motion was confirmed by the District Court, and the trustee has appealed.

The trustee's contention that the claimant should be regarded as a secured creditor is plainly fallacious. Section 1 (23) of the Bankruptcy Act (11 U.S.C.A. §

946

1 (23) defines "secured creditor" for purposes of bankruptcy. The claimant is not within this definition, since at the time when the petition in bankruptcy was filed, neither it nor any person secondarily liable for the debt had security upon the property of the bankrupt. See Ivanhoe Bldg. & Loan Ass'n v. Orr, 295 U.S. 243, 245, 55 S.Ct. 685, 79 L.Ed. 1419. · Under the law of New York, the interest of the bankrupt in the mortgaged property was terminated when the property was sold pursuant to the judgment of foreclosure and sale. Tuthill v. Tracy, 31 N.Y. 157, 160; Feiber Realty Corporation v. Abel, 265 N. Y. 94, 98, 191 N.E. 847. The purchaser, whether the property be bid in by a stranger or by the mortgagee, becomes the outright owner of the land, and the mortgagor becomes forthwith liable for the deficiency, since docketing of the deficiency judgment is a merely clerical act (Morris v. Morange, 38 N.Y. 172, 173) and an execution for the deficiency may issue before confirmation of the referee's report or docketing of the deficiency judgment. Moore v. Shaw, 15 Hun, 428, appeal dismissed 77 N.Y. 512; Taylor v. Derrick, 64 Hun, 636, 19 N.Y.S. 785. As the court said in Frank v. Davis, 135 N.Y. 275, 279, 31 N.E. 1100, 1101, 17 L.R.A. 306: "The deficiency was to be ascertained by a sale of the mortgaged premises, and not by the estimates of witnesses, or other less satisfactory evidence." See, also, Emigrant Industrial Savings Bank v. Van Bokkelen, 269 N.Y. 110, 199 N.E. 23. Therefore no distinction can be drawn between the claimant's two foreclosures, although in one the deficiency judgment was docketed before bankruptcy, and in the other afterward. In neither was any security held for the debt based on the deficiency; and in neither was there any uncertainty as to the amount owing by the bankrupt when the petition was filed.

The trustee relies upon certain cases involving the foreclosure of mortgages in Pennsylvania and New Jersey. In re Davis, 174 F. 556 (C.C.A.3); In re Dix, 176 F. 582 (D.C.E.D.Pa.); In re McAusland, 235 F. 173 (D.C.D.N.J.). These cases apparently go on the ground that where there is no legal rule in the state making the sum bid at the sale conclusive as to the value of the property, evidence is admissible to prove that its actual value exceeded the amount of the bid, for the purpose of reducing or wiping out the claimed deficiency. In New York, however, the state law, at the time of the foreclosure sales in question, did make the bid at the sale conclusive as to the value of the property and the amount of the deficiency. Hence these cases are not controlling here. In so far as Artisti-Kote Co. v. Benefactor Bldg. & Loan Ass'n (C.C.A.) 64 F.(2d) 407, at page 408, intimates that the Davis Case should be explained on the ground that the court was dealing with "a claim of a secured creditor against the estate of a bankrupt mortgagor, probably under section 57e and 57h of the act, 11 U.S.C.A. § 93 (e, h)," we cannot agree. For reasons already stated the present claimant cannot be deemed a secured creditor. We concur with the district judge that each deficiency was provable under section 63a (1) of the act (11 U.S.C.A. § 103 (a) (1).

The trustee further argues that the judgments of foreclosure and sale were in effect judgments by default and that a court of bankruptcy may look behind a default judgment rendered prior to bankruptcy to ascertain whether it represents a provable debt, and may therefore disregard the claimant's deficiency judgments as conclusive evidence of the values of the properties involved. It is true that a judgment obtained by fraud or collusion and representing no real indebtedness of the judgment debtor is open to collateral attack by his trustee in bankruptcy. Chandler v. Thompson, 120 F. 940 (C.C.A.7); In re Stucky Trucking & Rigging Co., 243 F. 287 (D.C.D.N. J.). The case of In re Continental Engine Co., 234 F. 58 (C.C.A.7), probably lays down no broader rule, since the judgment creditor had actual notice of the infirmities of the note upon which he sued. It is true also that a court of bankruptcy may look into the proceedings to determine the nature of the underlying liability reduced to judgment in order to see whether it was the kind of liability provable in bankruptcy. Thus, in Wetmore v. Markoe, 196 U.S. 68, 25 S.Ct. 172, 49 L. Ed. 390, 2 Ann.Cas. 265, it was held that a decree for alimony did not evidence a provable debt (see Lewis v. Roberts, 267 U.S. 467, 470, 45 S.Ct. 357, 69 L.Ed. 739, 37 A.L.R. 1440); and judgments for penal fines and other nonprovable liabilities may be excluded. Remington, Bankruptcy (3d Ed.) § 829. None of these established categories will aid the trustee. We do not think the bankruptcy court can go beyond them. Ex parte O'Neil, Fed.Cas.No.10,- 527; cf. 62 Univ. of Pa.L.R. 203. If it were to do so, the most it could do would

be to determine the amount of the claim according to state law. Even in Fowler v. Dillon, Fed.Cas.No.5,000 (D.C.E.D.Va.), the bankruptcy court limited its correction of the state court judgments to what the judgments should have been according to the local law. According to the local law of New York the judgments of foreclosure and sale and of personal liability for the deficiency were correct and definitively established the amount of the bankrupt's liability. Since the liability was of a character provable in bankruptcy, it was properly allowed as a claim.

The order is affirmed.