### In re LORDE.

(District Court, E. D. New York. February 1, 1906.)

BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—JUDGMENT BASED ON NEGLIGENCE.

A judgment against a landlord for a personal injury inflicted by a vicious dog owned by a tenant and kept on the leased premises is not one for a "willful and malicious injury to the person" within the meaning of Bankr. Act July 1, 1898, c. 541, § 17a, subd. 2, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], but is based on negligence only, and the debt is one from which the defendant is released by a discharge in bankruptcy.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 818.]

In Bankruptcy.

Krakower & Peters, for bankrupt.
William W. Butcher, for judgment creditor.

THOMAS, District Judge. The bankrupt, L., had control of an apartment house. A tenant therein kept a dog. It bit a boy. L. was informed thereof. Thereafter the dog bit another boy. L. was sued for the injury. The complaint stated "that the defendant wrongfully and negligently suffered such dog to go at large without being properly guarded or confined." The plaintiff recovered judgment. The question is whether L. may be discharged from such judgment, and an execution against his body stayed, or was his act a willful and malicious injury to the person within the meaning of section 17a, subd. 2, of the bankruptcy act of July 1, 1898 (30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3428])? The rule respecting the nature of such actions is stated in Thomas' Negligence, vol. 1, p. 972.

In the present case the bankrupt did not own, nor had he any control of, the dog. He did have power to insist that the owners charged with its custody and control should remove the dog from the premises. He could also report the event to the public authorities. His failure to do so may be deemed negligent, but it did not place him in the position of a person who was himself maintaining a nuisance. The person in general control of an apartment house may not enter, save for purposes consistent with the lessee's tenancy, the rooms let to another, and if the tenant persists in keeping a vicious dog, the keeping is not that of the landlord, although he may be liable for negligence in not taking steps to have the tenant's nuisance abated. But a cause of action against the landlord is not for maintaining a nuisance, but for negligence in not taking some steps to abate the same. He acquiesced in the harboring by another.

The judgment is dischargeable in bankruptcy, and the proceedings for the arrest of the bankrupt should be stayed.