## LEWIS *v.* ROBERTS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 284. Argued January 29, 1925.—Decided March 16, 1925.

Under § 63a of the Bankruptcy Act, including among provable debts "(1) a fixed liability, as evidenced by a judgment . . absolutely owing at the time of the filing of the petition . .", a judgment founded on a tort (personal injuries caused by negligence) is a provable claim. P. 468.

294 Fed. 171, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals affirming a decree of the District Court which confirmed an order of a referee in bankruptcy disallowing the petitioner's claim.

*Mr. H. L. Black* for petitioner.

No appearance for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The petitioner, Lewis, recovered a judgment against the Montevallo Mining Company for personal injuries caused by its negligence. The Company was thereafter adjudicated a bankrupt in the Northern District of Alabama. Lewis filed in the bankruptcy proceeding a proof of claim upon the judgment. The District Court confirmed an order of the referee disallowing this claim, upon the ground that a judgment founded upon a tort was not provable in bankruptcy. This decree was affirmed by the Circuit Court of Appeals. 294 Fed. 171. The writ of certiorari was then granted. 264 U. S. 578.

This decision is in conflict with an unbroken line of decisions in other Circuit Courts of Appeals and in the District Courts. *Re New York Tunnel Co.* (C. C. A.), 159 Fed. 688, 690; *Moore v. Douglas* (C. C. A.), 230 Fed. 399, 401; *Re Putnam* (D. C.), 193 Fed. 464, 468. And see *Re Lorde* (D. C.), 144 Fed. 320; *Ex parte Margiasso* (D. C.), 242 Fed. 990; *In re Madigan* (D. C.), 254 Fed. 221.

We think these prior decisions were correct.

Section 63a of the Bankruptcy Act,[1] entitled "Debts which may be Proved," provides that: "Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judg-

---

[1] Act of July 1, 1898, c. 541, 30 Stat. 544.

ment . . . absolutely owing at the time of the filing
of the petition. . . ." Section 1, (11) declares that
the word " debt " as used in the Act shall, unless incon-
sistent with the context, be construed to include " any
debt, demand, or claim provable in bankruptcy."

It is clear that a judgment for tort is provable under
the express provisions of § 63a(1). The language is
broad and unqualified. It includes " a fixed liability "
evidenced by a judgment *ex delicto* as well as by a judg-
ment *ex contractu,* and makes the one as well as the other
a provable " debt." There is nothing in the language or
in the context which suggests its limitation to judgments
founded on debts or warrants the reading in of such a
limitation.

This conclusion is confirmed by a consideration of other
provisions of the Act. By § 17, as originally enacted, it
was provided that: " A discharge in bankruptcy shall re-
lease a bankrupt from all his provable debts, except such
as . . . (2) are judgments in actions for fraud, or
obtaining property by false pretenses or false representa-
tions, or for wilful and malicious injuries to the person or
property of another." [2] This express exception of cer-
tain judgments for torts from the " provable debts " re-
leased by a discharge, plainly indicates that Congress un-
derstood that under § 63a judgments for torts were
" provable debts ", and is strongly persuasive as a con-
struction of that section.

Furthermore, if a judgment for tort is not a provable
claim in bankruptcy under § 63a, it could not, under
§ 1, (11), be considered in determining whether one
against whom an involuntary petition has been filed, is
insolvent within the meaning of § 1, (15), providing that

---

[2] By the amendments of 1903 and 1917 the word " judgments " in
clause 2 was changed to " liabilities ", and other changes were made
which are not here material. 32 Stat. 797, c. 487, § 5; 39 Stat. 999,
c. 153.

" a person shall be deemed insolvent . . . whenever the aggregate of his property . . . shall not . . . be sufficient in amount to pay his debts." The result of this would be that a person having property in excess of his other debts could not be adjudged an involuntary bankrupt under § 3b of the Act, although owing judgments for tort exceeding the amount of his property. Clearly Congress did not intend so anomalous a result.

The trustee contends, however, that despite the broad language of § 63a(1), the decision in *Wetmore* v. *Markoe*, 196 U. S. 68, necessarily leads to the conclusion that only judgments founded in debt are provable claims. It was there held that under § 17 of the Act the arrears of alimony previously awarded to the wife of the bankrupt for the support of herself and their minor children under a final decree of absolute divorce was not a provable debt which was released by the bankrupt's discharge. The ground of the decision was that the court could look into the proceedings to determine the nature of the liability which had been reduced to judgment; that a decree awarding alimony was not in any just sense a debt which had been put into the form of a judgment, but rather the legal means of enforcing the obligation of the husband to support his wife and children which was imposed upon him by the policy of the law; and that it could not be presumed, in the absence of a direct enactment, that Congress intended that the Bankruptcy Act should be made an instrument by which the wife and children should be deprived of the support which it was the purpose of the law to enforce. It is clear that this decision rested on the peculiar and exceptional nature of a decree for alimony. There was no suggestion in the opinion that an ordinary claim *ex delicto* that had been previously reduced to judgment was not a provable debt; and we think that its reasoning neither leads to nor warrants such a conclusion.

Nor is there anything to support this conclusion in *Schall* v. *Camors,* 251 U. S. 239, which dealt solely with unliquidated claims arising in tort, not previously reduced to judgment, and held merely that such unliquidated claims, not being included in the enumeration of provable debts under § 63a, could not be liquidated and proven under the provisions of § 63b.

The decrees of the District Court and of the Circuit Court of Appeal are reversed, and the cause is remanded to the District Court for further proceedings in accordance with this opinion.

*Reversed and remanded.*