## HAYNES STELLITE CO. v. CHESTERFIELD et al.

### No. 7848.

Circuit Court of Appeals, Sixth Circuit.

June 29, 1938.

Maxwell Barus, of New York City (Maxwell Barus and John B. Cuningham, both of New York City and Swan, Frye & Hardesty, of Detroit, Mich., on the brief), for appellant.

Fred Glover, Jr., of Detroit (Miller, Canfield, Paddock & Stone, of Detroit, Mich., on the brief), for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The sole legal question presented is whether a claim for damages for patent infringement, the liability for which has been fixed by court decree, but not liquidated as to amount, falls within Title 11, § 103(a) (1), U.S.C., 11 U.S.C.A. § 103(a) (1), so as to be provable in bankruptcy.

The District Court held certain claims of a patent for alloys of cobalt, chromium and tungsten invalid, and certain claims valid but not infringed, and dismissed the bill. Haynes Stellite Co. v. Chesterfield, 8 F.2d 765. The decree was reversed by this court. 6 Cir., 22 F.2d 635. The District Court entered a decree in accordance with the mandate. Thereafter counsel stipulated the amount of profits and submitted the case to a master for determination on three legal questions, namely, whether certain items, the amounts of which were not in dispute, might be allowed as deductions from the profits. These items are as follows:

1. Payments for patent and legal expenses in defending the present suit.

2. Payments of federal income taxes.

3. Losses incurred in the years 1927 and 1928.

Before the questions were decided the master died, and thereafter the appellee Chesterfield was discharged in bankruptcy.[1]

The District Court decided that the income taxes should be deducted from the stipulated amount of profits, but held that losses and expenses were not deductible as claimed by the appellee, and determined the amount which the appellant was entitled to recover on account of infringement. It held, however, that the claim was provable in bankruptcy and discharged by the adjudication. From this portion of the decree appeal is prosecuted.

If provable, the claim must fall within § 103(a) (1), Title 11, U.S.C., 11 U.S.C.A. § 103(a) (1), which provides that "a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition * * * whether then payable or not" may be proved as a debt.

Appellant claims that as infringement of a patent constitutes a tort pure and simple (Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108), and as the claim concededly was not liquidated in amount when the petition was filed, it is not a provable debt.

Appellees urge that the claim is for a fixed liability, that is, for a liability determined by the decision of this court which became final with appellant's failure to seek review thereof; that the claim is absolutely owing; that the statute does not require that it be liquidated as to amount, and that the debt falls squarely within the definition of provable claims in § 103(a) (1).

The question is whether the term "fixed liability" means that the liability only is determined and noncontingent, or that the amount of the liability must also be determined.

The case of Schall v. Camors, 251 U.S. 239, 40 S.Ct. 135, 64 L.Ed. 247, relied on by appellant, holding that a claim based upon a mere tort is not provable, is distinguished in Lewis v. Roberts, 267 U.S. 467, 45 S.Ct. 357, 69 L.Ed. 739, 37 A.L.R. 1440. The Schall Case involved a tort claim not reduced to judgment. In the Lewis Case a claim for personal injuries reduced to judgment was held provable under § 103(a) (1). It is true that the statute, § 103(a) (6½), 11 U.S.C.A. § 103(a) (6½), now provides that such claims are provable even though in process of litigation, but the Lewis decision antedated the statutory provision.

If this tort claim has been reduced to judgment, under the decision in Lewis v.

---

Roberts, supra, it constitutes a provable debt. Here nothing remained to be done in determination of the amount but the decision of three questions of law. The computation of the profits was complete and stipulated to be correct, and therefore appellees urge that the amount of the claim was in effect liquidated. We think it is not necessary to resort to this construction. The liability was adjudicated, and is therefore fixed within the meaning of the statute. If the Congress had intended to limit provable debts of this class to those fixed in amount as well as in liability, it could have so provided in apt words. As the claim was a fixed liability, evidenced by court decree and absolutely owing at the time the petition was filed, the debt was provable under § 103(a) (1), and was discharged by the adjudication in bankruptcy.

Our conclusion is strengthened by § 103(b), Title 11, U.S.C., 11 U.S.C.A. § 103 (b), which provides that "Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate." As stated by the Supreme Court in Dunbar v. Dunbar, 190 U.S. 340, 350, 23 S.Ct. 757, 47 L.Ed. 1084, the purpose of this section was to permit an unliquidated claim coming within the provisions of § 103(a) to be liquidated. Liquidation in amount, then, under the statute, is not in every case a prerequisite to provability of the claim.

The decree is affirmed.