CORLEY v. COZART et al.

In re J. P. CORLEY LUMBER CO., Inc.

No. 9521.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1940.

W. Edward Swinson, of Columbus, Ga., and J. R. Terrell, of Greenville, Ga., for appellant.

A. Edward Smith, of Columbus, Ga., M. F. Goldstein, of Atlanta, Ga., and John H. P. Norris, of Greenville, Ga., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On December 12, 1938, an involuntary petition in bankruptcy was filed against J. P. Corley Lumber Company, Incorporated. This appeal is from a judgment of the District Court confirming an order of the Referee in Bankruptcy disallowing a secured claim filed by J. P. Corley.

The facts are stipulated and show that prior to April 27, 1937, the corporate stock of J. P. Corley Lumber Company, Inc., was owned as follows: J. P. Corley, president, 119 shares; S. S. Brown, vice-president, 80 shares; and J. F. Hatchett, attorney, 1 share. On April 27, 1937, S. S. Brown became the sole stockholder of the corporation. To secure the purchase price of the stock Brown executed a bill of sale to secure debt in favor of J. P. Corley. The bill of sale was signed by Brown individually and purported to convey all the personal property belonging to the corporation. The Corley Lumber Company did not join in the execution of the bill of sale and received no part of the consideration for the stock transaction between Brown and J. P. Corley. The corporation remained in possession of the property described in the bill of sale, and Brown, who as vice-president of the corporation had drawn a salary of $1,800 per year, immediately raised his salary to $6,000 per year.

The bill of sale was recorded on the mortgage records in the office of the Clerk of the Superior Court of Meriwether County, Georgia, and was indexed under the name of S. S. Brown. Within three months after Brown became the sole stockholder all the unsecured creditors of April 27, 1937, were paid in full, and this proceeding involves only the indebtedness of the corporation incurred subsequent to that date.

On May 1, 1937, Brown wrote a letter to certain creditors of the J. P. Corley Lumber Company advising them that, "In order to get this stock from Mr. Corley I had to mortgage the business to him for $27,000.00 payable $270.00 monthly." He further stated that he would cut his expenses to take care of the payments due. The appellant contends that creditors who

received the letter of May 1, 1937, were given proper notice of the execution of the bill of sale and that subsequent extension of credit to the corporation by them was subject to the lien of this instrument. The appellant concedes that the bill of sale, being executed and recorded in the individual name of S. S. Brown, could not operate against subsequent creditors of the corporation who had not received the letter of May 1st, and that such subsequent creditors should take with priority over the claim of J. P. Corley.

The bill of sale to secure debt, being admittedly invalid as against subsequent creditors without notice, was properly held to be invalid in its entirety on objection of the Trustee in Bankruptcy. A claim void against some of the creditors of a bankrupt may be avoided in its entirety by the Trustee even though creditors generally benefit by the avoidance. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198; Friedman v. Sterling Refrigerator Company, 4 Cir., 104 F.2d 837; General Motors Acceptance Corporation v. Coller, 6 Cir., 106 F.2d 584; In re Sachs, 4 Cir., 30 F.2d 510.

We think it clear that Brown had no right to execute an individual bill of sale covering assets belonging to the corporation. Although he was the sole stockholder he did not own the property of the corporation; he merely owned the capital stock. The Georgia courts in line with the great weight of authority hold that where there is but one stockholder such individual and the corporation remain in law two separate and distinct persons. Especially is this true where, as here, the shareholder's individual action would work to the detriment of creditors who had the right to rely on the capital assets of the corporation for payment of their debts. Shingler v. Shingler, 184 Ga. 671, 192 S. E. 824; Exchange Bank v. Macon, etc., 97 Ga. 1, 25 S.E. 326, 33 L.R.A. 800; Newton Mfg. Co. v. White, 42 Ga. 148; See 18 C.J.S., Corporations, § 513, p. 1193.

The contention of the appellant with reference to tort judgment creditors is without merit. The judgments involved were obtained prior to the filing of the involuntary petition and, under the provisions of Section 63, sub. a(1), of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(1), were provable debts. Lewis v. Roberts, 267 U.S. 467, 45 S.Ct. 357, 69 L.Ed. 739, 37 A.L.R. 1440.

It is unnecessary to discuss the other grounds urged by the Trustee and the objecting creditors in support of the judgment of the District Court. It is sufficient to say that courts of bankruptcy are essentially courts of equity and have the power and duty to disallow or subordinate claims according to the equities of the case. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

We find no reversible error in the record. The judgment is affirmed.