In re G. Charles HEMPFNER, Judith W. Hempfner, Debtors.

NO. 2 CREDITWAY OF AMERICA, INC., Plaintiff,

v.

Judith W. HEMPFNER, Defendant.

Bankruptcy No. 7–85–00526–R.
Adv. No. 7–85–0148.

United States Bankruptcy Cout,
W. D. Virginia,
Roanoke Division.

Sept. 16, 1985.

F. Jack Ward, Roanoke, Va., for debtor/defendant.

John T. Molumphy, III, Roanoke, Va., for plaintiff.

George A. McLean, Jr., Roanoke, Va., Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Plaintiff, Creditway of America ("Creditway"), filed a Complaint against the Debtor, Judith W. Hempfner, seeking a determination of nondischargeability of a debt under 11 U.S.C. § 523(a)(2).

Upon hearing, the evidence appeared as follows. Creditway of America is engaged in the business of making loans. It has done business with Judith Hempfner since 1979 and, over the years, had found her to be a good customer. On April 3, 1985, Hempfner conferred with Timothy Knick, Assistant Manager of Creditway, concerning a loan of $700.00 to be used for payment of doctors' bills. At that time, she completed a loan application, as was apparently customary, listing her open account debts as $1,740.00 owed to Creditway for a previous loan, $400.00 to Penney's, and $500.00 to Sears, for a total of $2,640.00. The Debtor's schedules show debts to Visa, MasterCard, and medical bills in a sum of more than $8,000.00, including Penney's, Sears, and Creditway. Mr. Knick testified that he asked Hempfner to list all of her debts at that time. Hempfner denied that Knick ever asked her to include all of her debts, or asked whether she had other debts or left anything out.

As in past transactions, the application was completed in a perfunctory manner. Creditway did not introduce any records of past applications used to make loans to this Debtor which might reflect such patterns or practices. Debtor testified that debts were incurred due to extensive illness of Debtor and her husband. Creditway thereupon extended additional credit to Hempfner in the amount of $358.22[1] and renewed the old obligation. No other inquiries were made bearing on Debtor's creditworthiness since she was a regular customer with satisfactory credit.

Hempfner filed her Chapter 7 liquidation petition in this Court on May 8, 1985. In the schedule of debts in her petition, Hempfner listed her open accounts broken down as follows:

| | |
|---|---|
| J.C. Penney | $1,005.08 |
| Sears Roebuck | 1,481.43 |
| Finance One Visa | 3,040.77 |
| Bank of Va. MasterCard | 2,221.42 |
| Creditway | 2,664.00 |
| Becker Clinic | 303.40 |
| Roanoke Valley Collection Agency | 109.60 |
| Dr. Thomas DeBeck | 100.00 |

Hempfner testified that all of these debts were incurred before April 3, 1985. Knick testified that had he known the extent of her indebtedness, Creditway would not have made the loan. Creditway contends that the amount Hempfner is indebted to Creditway, $1,591.81, plus interest, should be nondischargeable under § 523(a)(2).

In part, § 523(a) provides that "... a discharge under Section 727, 1141, or 1328(b) of this Title does not discharge an individual debtor from any debt ... ...

(2) for money, property, services, or an extension of credit, to the extent obtained by ... ...

(B) use of a statement in writing ---

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

---

1. Assuming that the debt is nondischargeable, only the new money would be so held. *See: In re Birkholz* (D.C.Wis.1971), C.C.H. 64,168.

(iv) that the debtor caused to be made or published with intent to deceive."

▮ Section 523(a)(2) is derived with slight modification from § 17(a)(2) of the *Bankruptcy Act* of 1898. 3 *Collier on Bankruptcy,* ¶ 523.07 at 523–37 (15th Ed. 1985). In order for a party to succeed in having a debt adjudged nondischargeable, each of the elements of Section 523(a)(2) must be proved. 3 *Collier on Bankruptcy,* ¶ 523.09 at 523–56 (15th Ed.1985). The burden of proving objections to discharge is on the Plaintiff. *Rule 4005, Federal Rules of Bankruptcy Procedure.* Not only does the Plaintiff have the burden of proof, but each element making up the exceptions set forth in § 523(a)(2) is to be strictly construed in favor of the debtor. *See Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Roberts v. Ford,* 169 F.2d 151 (4th Cir.1984); *Royal Indemnity Co. v. Cooper,* 26 F.2d 585 (4th Cir. 1928). The rationale for this strict construction is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Company v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Lewis v. Roberts,* 267 U.S. 467, 45 S.Ct. 357, 69 L.Ed. 739 (1925); *Williams v. United States Fidelity and Guaranty Company,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915). Proof must be by clear, cogent, and convincing evidence. *Brown v. Buchanan,* 419 F.Supp. 199 (E.D.Va.1975); *Sweet v. Ritter Finance Co.,* 263 F.Supp. 540 (W.D.Va.1967).

Although the Plaintiff has established some elements of § 523(a)(2)(B), it has not met its burden of proof with respect to each element. Creditway has established the first elements of § 523(a)(2)(B): the money was obtained by use of a statement in writing, the loan application itself. Second, the statement was materially false. The omission of the additional liabilities constitutes a materially false statement if

Debtor was directed to list *all* her debts. 3 *Collier on Bankruptcy,* ¶ 523.09[2] at 523–58 (15th Ed.1985). *See also In re Waite,* 223 F. 853 (D.C.Md.1916), *reversed on other grounds, Doyle v. First National Bank,* 231 F. 649 (4th Cir.1916). Third, the statement was with respect to the Debtor's financial condition.

▮ The provisions in § 523(a)(2)(B), subparagraphs (iii) and (iv), however, are not satisfied. Under sub-paragraph (iii), the creditor must have reasonably relied on the false statement in extending credit. In his testimony, Knick indicated that had he known the real extent of Hempfner's indebtedness, he would not have approved the loan. On Cross-examination, he indicated that Hempfner had been a satisfactory customer with Creditway since 1979 and he had no reason to think that she was not a good customer. The tone of this witness' testimony was that reliance was primarily placed upon past dealings. Such dealings in the past had always been satisfactory. The instant transaction only involved the sum of $358.22 in new money and renewal of existing debt, which was apparently in a satisfactory status.

This Court has previously dealt with the issue of reasonable reliance in *In re Jones,* 3 B.R. 410 (Bankr.W.D.Va.1980). A review of that case is instructive in this instance. In *Jones,* First and Merchants Bank made an initial loan to the debtor in 1977. The debtor maintained a satisfactory credit rating for almost two years, when the Bank made two additional loans over a three-month period. On each of these subsequent loans, new applications were filled out, but the Bank merely updated the debtor's personal information, including address, phone number, place of employment, and salary. In addition, based on his credit rating, the Bank allowed the debtor to sign as a co-maker on a note, on which the debtor subsequently became liable. A final loan application was executed to consolidate this debt and his prior loans. When the debtor ultimately filed a petition for Bankruptcy, the Bank claimed reasonable reliance on the loan applications and that

the debt should not be discharged. On the facts presented, this Court found it difficult to find the degree of reliance contemplated by the statute. The subsequent loan applications were deemed to be merely perfunctory; the Bank appeared to rely instead on the debtor's good credit rating in making subsequent loans. As such, this Court held that the Bank had not shown reasonable reliance to satisfy § 523(a)(2)(B)(iii).

As in *Jones,* the Debtor and creditor in this case have had dealings over an extended period of time. On Cross-examination, Knick testified that Creditway had made satisfactory loans to Hempfner since 1979. Knick testified on Direct examination that he relied on the Debtor's statement of her debts in making the loan. This Court is of the opinion that the evidence indicates, as in *Jones,* that it was the past favorable dealings of the parties which formed the basis of the decision to extend credit. The Debtor's testimony is credible that no specific request was made to list *all* debts owed on the application. Even if it is assumed that Creditway did rely to some degree on the loan application, in light of the fact that the provisions of § 523(a) are to be construed against the objecting creditor and liberally in favor of the debtor (see 3 *Collier on Bankruptcy,* ¶ 523.05A at 523–15 [15th Ed.1985]), this Court finds that the Plaintiff has failed to meet its burden of establishing this provision of § 523(a) by clear, cogent, and convincing evidence.

■ Even if we assume *arguendo* that the Plaintiff has established reasonable reliance on the written statement, the evidence is not sufficient to satisfy sub-paragraph (iv) requiring the statement to be made or published with intent to deceive. The evidence presented concerning the listing of open accounts was contradictory. Knick testified that he asked Hempfner to list all of her debts on the application. Hempfner testified that she was not asked to include all her debts, or if she had omitted anything on the application. Creditway did not introduce prior loan applications to show that completeness was demanded. The loan in question was simply a procedure utilized in renewal loans to borrowers with good credit records.

In weighing the evidence in this case, the Court must keep in mind the admonition of the Fourth Circuit Court of Appeals in *Bennett v. W.T. Grant Co.,* 481 F.2d 664, 666 (4th Cir.1973), which states that a Bankruptcy Court as a court of equity should be guided by equitable principles. Accordingly, the evidence must be viewed not only from the conduct and circumstances of the Plaintiff, but likewise from the standpoint of the Debtor. When this idea is coupled with the principle that the exceptions set forth in § 523(a) are to be construed liberally in favor of the debtor and strictly against creditor, this Court finds that Creditway has not sustained its burden of proof to show an intent to deceive. Such conflicting evidence does not satisfy the standard of proof by clear, cogent, and convincing evidence. *See Brown v. Buchanan, supra;* 8B *Michie's Jurisprudence,* Fraud and Deceit, Section 55. Likewise, in 8B *Michie's Jurisprudence,* Fraud and Deceit, § 56, it is stated that "... where fraud is charged and denied, and the evidence as to the alleged false representations is conflicting, such false representations will not be established unless they are clearly shown by a preponderance of the evidence."

Accordingly, it is

### ADJUDGED and ORDERED

that since the allegations of the Complaint have not been sustained, same is dismissed and the debt is discharged.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Debtor; F. Jack Ward, Esquire, Counsel for the Debtor; George A. McLean, Jr., Esquire, Trustee; and to John T. Molumphy, III, Esquire, Counsel for the Plaintiff.