**In re Richard Anthony BRUBAKER 1019 Twelfth Street, N.E. Roanoke, VA 24012, Debtor.**

**CREDITWAY OF AMERICA, INC., Plaintiff,**

**v.**

**Richard Anthony BRUBAKER, Defendant.**

**Bankruptcy No. 7–85–00799–R. Adv. No. 7–85–0219.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Feb. 27, 1986.

---

Bess & Krippendorf, Roanoke, Va., for debtor/defendant.

Perkinson & Perkinson, Roanoke, Va., for plaintiff.

Roy V. Creasy, Roanoke, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether the debt to Creditway of America should be

held nondischargeable under 11 U.S.C. § 523(a)(6).

Briefly stated, the facts appear as follows. On April 8, 1985, the Debtor, Richard Anthony Brubaker, entered into a retail installment sales contract and security agreement with Comfort Rest Waterbeds for the purchase of a waterbed. The contract shows an initial cash down payment and provides for payment of the remaining balance over a period of eighteen months with interest. The contract was assigned to the Plaintiff, Creditway of America.

Subsequent to the purchase of the waterbed, the Debtor began a relationship with Sherald Thompson Clapsadl and moved many of his personal possessions, including the waterbed, into her home. After approximately one month, this relationship deteriorated. The Debtor left Mrs. Clapsadl's residence, taking the majority of his belongings which he could fit into his car with him. On a later occasion, he returned to her residence but was not allowed to retrieve any more of his possessions.

Thereafter, the Debtor brought a detinue action against Mrs. Clapsadl in the General District Court of Botetourt County seeking return of the waterbed. At the hearing on June 24, 1985, the General District Court heard testimony of Mrs. Clapsadl's daughter, who testified that the waterbed had been given to her by the Debtor as a gift. The only other evidence was that of the Debtor, who denied that the bed was a gift. The Botetourt County General District Court found against the Debtor. At no time did Creditway have knowledge of the proceedings.

The Debtor filed his Chapter 7 petition in this Court on July 22, 1985. Creditway filed this Complaint pursuant to *Rule 7001, Federal Rules of Bankruptcy Procedure,* initiating this adversary proceeding to have the remaining $396.00 balance owed under the sales contract declared nondischargeable. Although not specifically stated as such in the Complaint, Creditway contends that the debt should be excluded from discharge under § 523(a)(6). At hearing, the evidence appeared as outlined above. Testimony of the daughter revealed that she has given the waterbed to her father, who resides in Pennsylvania. Debtor testified that he did not give the bed to daughter or mother; that he loaded up his dog and departed the mother's home and was later precluded from recovering his belongings and later sought in state court to recover the bed from the mother.

The burden of proving objections to discharge is on the Plaintiff. *Rule 4005, Federal Rules of Bankruptcy Procedure.* The objections to discharge in § 523 are to be strictly construed against the objecting creditor and liberally in favor of the debtor. 3 *Collier on Bankruptcy,* ¶ 523.05A at 523–15 (15th Ed.1985). *See also Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Roberts v. Ford,* 169 F.2d 151 (4th Cir.1948); *Royal Indemnity Co. v. Cooper,* 26 F.2d 585 (4th Cir.1928).

The rationale for this strict construction is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Lewis v. Roberts,* 267 U.S. 467, 45 S.Ct. 357, 69 L.Ed. 739 (1925); *Williams v. United States Fidelity & Guaranty Co.,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915).

■ Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Although § 523(a) does not specifically mention a debt arising from *conversion* of the property of another, the legislative history indicates that the "willful and malicious injury" language of § 523(a)(6) includes a willful and malicious conversion. 124 Cong. Rec. H 11,095–6 (Sept. 28, 1978); S. 17,-412–3 (Oct. 6, 1978); 3 *Collier on Bankruptcy,* ¶ 523.16[3] at 523–137 (15th Ed. 1985); *In re Hodges,* 4 B.R. 513 (Bankr.W. D.Va.1980).

■ However, as the Supreme Court has recognized in *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934), "a willful and malicious injury does not follow as of course from every act of conversion ... there may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice." A claim founded upon a mere technical conversion without conscious intent to violate the rights of another and under mistake or misapprehension may be discharged. 3 *Collier on Bankruptcy, supra,* at 523–138; *Matter of Held,* 34 B.R. 151, 155 (Bankr.M.D.Fl.1983), *aff'd* 734 F.2d 628 (11th Cir.1984); *In re Simpson,* 29 B.R. 202 (Bankr.N.D.Io.1983); *In re Giantvalley,* 14 B.R. 457 (Bankr.D.Nv.1981). Whether a conversion is described as willful and malicious depends on the facts and circumstances in each case. *In re Dever,* 49 B.R. 329, 332 (Bankr.W.D.Ky.1984); *In re Walker,* 44 B.R. 1, 3 (Bankr.S.D.Oh. 1983).

■ For a debt to be excepted from discharge under § 523(a)(6), both willful and malicious elements must be shown. *In re Hodges, supra; In re DeRosa,* 20 B.R. 307, 313 (Bankr.S.D.N.Y 1982). The term "willful" as used in § 523(a)(6) means deliberate or intentional. H.R.Rep. 95–595, 95th Cong. 1st Sess., 365 (1977), S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978), U.S. Code Cong. & Admin.News (1978), p. 5787; *In re Nuckols,* 47 B.R. 731, 735 (Bankr.E. D.Va.1985); *In re Hazelwood,* 43 B.R. 208, 213 (Bankr.E.D.Va.1984). The *Bankruptcy Code* expressly overrules the decision of *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), which construed willful injury to include the lesser standard of "reckless disregard" of another entity or its property. *See In re Fussell,* 15 B.R. 1016 (W.D.Va.1981); H.R.Rep. 95–595, *supra,* at 363; S.Rep. No. 95–989, *supra,* at 77–79, U.S.Code & Admin.News 1978, p. 5787. An act may be malicious if it is "wrongful and without just cause or excuse even in the absence of personal hatred, spite, or ill will." *In re Nuckols, supra,* at 735; *In re White,* 18 B.R. 246 (Bankr.E.D.Va.1982); *In re Fussell, supra,* at 1022; 3 *Collier on Bankruptcy, supra,* at 523–129. Negligence, even gross negligence, is insufficient to satisfy the necessary elements of malice or willfulness. *In re Louis,* 49 B.R. 135, 137 (Bankr.E.D.Wi. 1985); *In re Oakes,* 24 B.R. 766, 769 (Bankr.N.D.Oh.1982); *Matter of Morgan,* 22 B.R. 38, 39 (Bankr.D.Nb.1982). Where there is no intent to harm the creditor, the requisite elements of § 523(a)(6) have not been established. *In re Dever, supra,* at 332.

■ The Court is mindful of court decisions which have found the sale of property subject to a security interest to be excepted from discharge under § 523(a)(6) if the willful and malicious elements are met. *See In re Clifton,* 32 B.R. 666 (Bankr.D.N.M. 1983), and *In re DeRosa,* 20 B.R. 307 (Bankr.S.D.N.Y.1982), and the cases cited therein. However, the evidence before this Court is insufficient to support a finding of willful and malicious injury to except the debt from discharge. The testimony was conflicting regarding whether the Debtor gave the bed to the daughter or whether he was simply unable to recover it when the relationship ended. The General District Court for Botetourt County ruled against the Debtor in his detinue action seeking recovery of the property. However, no real evidence was introduced concerning the basis for that judgment. Assuming either position advanced at trial, we cannot find that the Debtor had the requisite intent to do harm to Creditway or violate its rights. At most, the Debtor was negligent in the conduct of his personal affairs. In the absence of more convincing evidence, this Court cannot find that such conduct arises to the level of willful and malicious injury to except from discharge the outstanding balance owed to Creditway. Accordingly, the debt is

ORDERED

discharged.

The denial of the dischargeable claim does not in any wise affect Creditway's right to recover its collateral. *Virginia Code* § 8.9–306(2) outlines the rights of secured parties on disposition of collateral and states "except where this Title otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise ..." Under *Virginia Code* § 8.9–306(2), a secured party only forfeits its security interest in collateral when it authorizes that the collateral be transferred free and clear of its security interest. *In re Southern Properties, Inc.*, 44 B.R. 838, 842 (Bankr.E.D.Va.1984). If the transfer is not authorized, the secured party maintains his security interest. *Id.*, at 843; *see also Bennett v. W.T. Grant Co.*, 481 F.2d 664 (4th Cir.1973). Thus, Creditway may bring an appropriate action in state court to protect its security interest and to recover the collateral. Should Creditway choose to exercise its right and prove successful, to the extent any deficiency may exist upon sale of the collateral, such amount is hereby discharged as to the Debtor. A claim for such deficiency may be filed herein and share in distribution of any funds of this estate.

Accordingly, it is

ADJUDGED and ORDERED

that the debt to Creditway of America is discharged and Creditway's Complaint is hereby

ORDERED

dismissed and the stay of Section 362 relieved.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor/Defendant; to BESS & KRIPPENDORF, Counsel for Debtor; PERKINSON & PERKINSON, Counsel for Plaintiff; and to Roy V. Creasy, Esquire, Trustee.