### In re William C. McCONNEHEA, Debtor.

### STATE FARM INSURANCE COMPANY and Teresa Orr, Plaintiffs,

### v.

### William C. McCONNEHEA, Defendant.

### Bankruptcy No. C–1–88–319.

United States District Court, S.D. Ohio, W.D.

Sept. 9, 1988.

---

Stuart Tobin, Cincinnati, Ohio, for plaintiffs.

William C. McConnehea, Eric James Barr, Middletown, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the appeal from the United States Bankruptcy Court, Southern District of Ohio. Appellant, the State Farm Insurance Company, appeals the decision of the bankruptcy judge finding appellant's claim to be dischargeable under 11 U.S.C. § 523(a)(6). Appellant argues that the debtor-appellee deliberately, willfully, intentionally, and maliciously drove his car without proper automobile insurance in violation of the Ohio Financial Responsibility Law.

Debtor-appellee is 25 years old, is married, and has two children. He is employed for nine months out of the year at a salary which ranges from approximately $175.00 to $200.00 a week; during the balance of the year he receives unemployment compensation. On June 13, 1986, debtor-appellee was involved in an automobile accident due to his negligent operation of his motor vehicle, resulting in damages in the amount of $6,560.00. He was uninsured and has not paid any of the damages. Appellant was the subrogated insurer and is owed the $6,560.00 by debtor-appellee unless the debt is discharged as ordered herein.

Ohio law prohibits the operation of a motor vehicle without proof of financial responsibility and also prohibits the making of a false statement on a driver's license application. Debtor-appellee was not financially responsible at the time of his automobile accident. Debtor-appellee is functionally illiterate; he stated that he never read the driver's license application and did not understand the application which contained the statement that he would not operate an automobile without financial responsibility. Most of his driving is done in the course of his employment in his employer's vehicle which is covered by insurance.

Debtor-appellee filed a Chapter VII bankruptcy and listed the debt to appellant State Farm Insurance Co. on his schedules. Appellant filed its Complaint in the Bankruptcy Court to determine that the debt was non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). A trial was held on December 21, 1987 in the Bankruptcy Court, and in February, 1988, the bankruptcy judge rendered his decision that the debt was dischargeable, which determination appellant appeals to this Court.

## I.

The standard of review which the district court must apply in reviewing a judgment of the bankruptcy court's determination of the issues of fact is the clearly erroneous standard. Appellant, while accepting this rule of law, however, characterizes the issue it presents in this appeal as a legal

issue, a matter of law, for which de novo review is the proper standard.

Appellant acknowledges that while the debt of $6,560.00 arose as a result of the negligent act of the debtor-appellee in operating his motor vehicle, the non-payment resulted because debtor-appellee willfully, intentionally and maliciously drove in violation of Ohio law, specifically Ohio Rev.Code §§ 4507.06, 4507.212 and 4509.101.

Appellant frames its "legal issue" as whether the debt is non-dischargeable under 11 U.S.C. § 523(a)(6). In other words, appellant contends that Ohio law has created a non-dischargeable debt under 11 U.S.C. § 523(a)(6) as a matter of law.

 We hold that state law is powerless to create a non-dischargeable debt under the bankruptcy laws of the United States of America as a matter of law. Whether a debt is non-dischargeable depends, as a matter of law, solely on federal law which provides that if, as a matter of fact, the debt was incurred willfully, intentionally and maliciously, it is non-dischargeable. Thus, the determination by the bankruptcy court as to the dischargeability of the debt is a determination of fact under federal law. As such, that determination must be reviewed by this Court under the clearly erroneous standard; therefore, absent clear error, this Court must defer to the findings made by the bankruptcy judge.

The United States Supreme Court, in *United States v. Yellow Cab Co.*, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949), emphasized the reasoning and importance of deferring to the trial court's findings in such situations:

> [F]or triers of fact totally to reject an opposed view impeaches neither their impartiality nor the propriety of their conclusions ... Findings as to the design, motive and intent with which men act depend peculiarly upon the credit given to witnesses by those who see and hear them.

*Id.* at 341, 70 S.Ct., at 179; *see also Wedding v. Wingo*, 483 F.2d 1131, 1136 (6th Cir.1973).

Rule 8013 of the Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure provide the controlling standard for this Court's review in this matter.

Bankruptcy Rule 8013 imposes the clearly erroneous standard of review on findings of fact made by the bankruptcy court:

> On an appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The United States Court of Appeals for the Sixth Circuit has reaffirmed this standard most recently in *Johnson & Associates, Inc. v. Johnson*, 845 F.2d 1395 (6th Cir.1988):

> Findings of fact by a bankruptcy court shall not be set aside unless clearly erroneous ... This circuit has clearly enunciated that findings of fact of a bankruptcy court should not be disturbed by the district court judge unless there is 'most cogent evidence of mistake or miscarriage of justice.' Citing, *Slodov v. United States*, 552 F.2d 159, 162 (6th Cir.1977), *reversed on other grounds*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978).
>
> As an appellate court in this [bankruptcy appeal] proceeding, the district court may not make its own independent factual findings.

*See also In Re Rosinski*, 759 F.2d 539 (6th Cir.1985).

Rule 52(a) of the Federal Rules of Civil Procedure provides the standard governing appellate review in general: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of [sic] the credibility of the witnesses."

The Supreme Court has instructed that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). The Supreme Court has further explained this concept:

> This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court.

*Anderson v. City of Bessemer City,* 470 U.S. 564 at 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). It is clear that the reviewing court may not reverse a trial court's account of the evidence if that account is plausible in light of the record viewed in its entirety, even though the reviewing court is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently; the reviewing court's function is not to decide the factual issues de novo. *Id.* at 574, 105 S.Ct. at 1512; *see also Yellow Cab,* 338 U.S. at 342, 70 S.Ct. at 179; *see also Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

The Supreme Court in *Anderson* has emphasized the importance of the rule:

> When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said. *See Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). This is not to suggest that the trial judge may insulate his findings from review by denominating them credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness.

The rationale for deference to the original finder of fact is not limited to the superiority of the trial judge's position to make determinations of credibility. The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources. In addition, the parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is the correct one; requiring them to persuade [judges] at the appellate level is requiring too much. As the Court has stated in a different context, the trial on the merits should be 'the main event' ... rather than a 'tryout on the road.' *Wainwright v. Sykes,* 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). For these reasons, review of factual findings under the clearly-erroneous standard—with its deference to the trier of fact—is the rule, not the exception.

*Anderson,* 470 U.S. at 574–575, 105 S.Ct. at 1512.

It is this Court's duty to correct clear error, even in findings of fact, however, the appellant has failed to establish that the bankruptcy court erred in deciding that the evidence preponderated in favor of debtor-appellee, let alone that such determination was clearly erroneous. A decision choosing between two permissible views of the weight of the evidence is not clearly erroneous. *Anderson,* 470 U.S. at 574, 105 S.Ct. at 1512; *Yellow Cab,* 338 U.S. at 342, 70 S.Ct. at 179; *Inwood Laboratories, Inc.,* 456 U.S. at 857, 102 S.Ct. at 2190.

Based upon the foregoing, this Court finds appellant's arguments unpersuasive. In fact, appellant appears to concede that it fails on a review of the factual determinations made by the bankruptcy court.

The decision of the bankruptcy judge in this case is supported by an opinion which analyzes the evidence and explains the le-

gal and factual reasoning for his findings. This Court is convinced that his findings represent the considered judgment of an able bankruptcy judge who had the unique opportunity to sit as the trier of the facts. Upon examining the record in light of the rule and instructions of the United States Court of Appeals for the Sixth Circuit and the Supreme Court of the United States, this Court finds that it contains nothing to justify a finding that the conclusion of the bankruptcy court was clearly erroneous.

Appellant's reliance on *In Re: Pechar,* 78 B.R. 568, 16 BCD 688 (Bankr.D.Neb. 1987), is misplaced. A determination as to the willfullness or maliciousness of a person's conduct necessarily turns on the specific facts and circumstances of a particular case. The decision by one court on one set of facts does not and cannot bind another court faced with a separate set of circumstances. Therefore, the *Pechar* case is irrelevant to our analysis of this matter. Significantly, the definition of a willful and malicious injury adopted by the United States Court of Appeals for the Sixth Circuit requires a showing of "a wrongful act done intentionally, which necessarily leads to injury." *Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.); *cert. denied,* —— U.S. ——, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987), *quoting, 3 Collier on Bankruptcy,* ¶ 523–111 (15th Ed.1986). The appellant in this case would have the burden of establishing by evidence that the debtor's conduct falls within this definition.

## II.

As previously noted, appellant argues that state law can create a debt which cannot be discharged under federal bankruptcy law. This concept is in direct conflict with the Supremacy Clause of the United States Constitution. U.S. Const., Art. VI, cl. 2.

This debt is a dischargeable accident-related tort judgment. The only basis for this appeal is a factual one. Appellant's argument challenges the premise that most bankruptcies are caused by circumstances beyond the debtor's control; it accuses the debtor of using bankruptcy as a tool for financial planning; and it contends that the bankruptcy judge erred in determining that the debtor in this case was *unable* to comply with the Ohio Financial Responsibility law rather than finding that debtor willfully and maliciously defied the law in an attempt to avoid any debt through bankruptcy.

The only legal issue raised by this appeal stems from the serious and unavoidable implications of appellant's argument that the obligations imposed by the Ohio law and the public safety concerns it addresses are paramount to those of the United States Bankruptcy laws. Such a position does not only present a situation of conflict between state and federal law, but also one of interference.

The United States Constitution confers upon Congress the power "[t]o establish ... *uniform* laws on the subject of Bankruptcies throughout the United States." U.S. Const. Art. I, § 8, cl. 4 (emphasis added). The Bankruptcy Act, 11 U.S.C. § 35, is a uniform statute applicable in the States, Territories, and the District of Columbia. 11 U.S.C. § 1(29); its meaning and application does not depend on the particular law of an individual state. Such a result is "explicitly prohibited by the uniformity requirement in the constitutional authorization to Congress to enact bankruptcy legislation." *Perez v. Campbell,* 402 U.S. 637, 656, 91 S.Ct. 1704, 1714, 29 L.Ed.2d 233 (1971).

It is well-settled that, in making the decision whether a state statute is in conflict with a federal statute and therefore invalid under the Supremacy Clause, the reviewing court must "determine whether a challenged state statute 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* at 649, 91 S.Ct. at 1711 (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)); *Duffey v. Dollison,* 734 F.2d 265, 268 (6th Cir.1984). Clearly, the Supremacy Clause dictates that we resolve the issue in favor of federal law. U.S. Const., Art. VI, cl. 2.

The purpose of the Ohio financial responsibility law is to minimize situations in

which financial inability prevents compensation to victims who have sustained damages in automobile accidents. Ohio Rev. Code § 4509.101(K); *State v. Stambaugh*, 34 Ohio St.3d 34, 36, 517 N.E.2d 526 (1987). Division (A) of the statute defines the requirement of financial responsibility and the civil penalties. Significantly, the law does not require that every owner and operator of a motor vehicle in Ohio maintain automobile liability insurance; rather, the statute defines various proof of financial responsibility. Ohio Rev.Code § 4509.101(A); *Bob–Boyd Lincoln Mercury v. Hyatt*, 32 Ohio St.3d 300, 513 N.E.2d 331 (1987). More important to this case, the penalty of rendering a liability incurred in violation of this statute *non*-dischargeable in bankruptcy is not a provided proscription. Further, bankruptcy does not relieve the debtor of the requirement of posting proof of future financial responsibility. *Duffey v. Dollison*, 734 F.2d 265 (6th Cir.1984).

In *Duffey*, the United States Court of Appeals for the Sixth Circuit construed Ohio's Financial Responsibility Act:

> The Ohio Act has as its object the protection of the public from financially irresponsible motorists who have proved unwilling or unable to satisfy a judgment arising from an automobile accident. The statute embodies a 'one-bite' approach to achieving this purpose by permitting motorists the privilege of driving without any proof of financial responsibility until they incur an accident-related judgment and fail to satisfy it within 30 days.

*Id.* at 269 (cited with approval in *Hyatt*, 32 Ohio St.3d at 303, 513 N.E.2d 331).

Turning to the federal law, the construction of the Bankruptcy Act is clear. The United States Supreme Court has stated on numerous occasions that one of the primary purposes of the Bankruptcy Act is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. (citations omitted) ... There can be no doubt, given *Lewis v. Roberts*, [267 U.S. 467, 45 S.Ct. 357, 69 L.Ed. 739] (1925), that Congress intended this 'new opportunity' to include freedom from most kinds of pre-existing tort judgments." *Perez*, 402 U.S. at 648, 91 S.Ct. at 1710.

The Supreme Court analyzed this constitutional question of conflict in *Perez:*

> As early as *Gibbons v. Ogden*, 9 Wheat. 1 [6 L.Ed. 23] (1824), Chief Justice Marshall stated the governing principle—that 'acts of the State Legislatures ... [which] *interfere with*, or are contrary to the laws of Congress, made in pursuance of the constitution,' are invalid under the Supremacy Clause. Id., at 211 (emphasis added). Three decades ago MR. JUSTICE BLACK, after reviewing the precedents, wrote in a similar vein that, while '[t]his Court, in considering the validity of state laws in the light of treaties or federal laws touching the same subject, ha[d] made use of the following expressions: conflicting; contrary to; occupying the field; repugnance; difference; irreconcilability; inconsistency; violation; curtailment; and interference[,] ... [i]n the final analysis,' our function is to determine whether a challenged state statute 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' *Hines v. Davidowitz*, 312 U.S. 52, 67 [61 S.Ct. 399, 404, 85 L.Ed. 581] (1941). Since *Hines* the Court has frequently adhered to this articulation of the meaning of the Supremacy Clause.

*Perez*, 402 U.S. at 649, 91 S.Ct. at 1711 (citations omitted).

The *Perez* Court was faced with a conflict between the Bankruptcy Act and a state financial responsibility statute which included a provision that a discharge in bankruptcy would not relieve an individual from a driver's license suspension if that person failed to satisfy a judgment entered against him as a result of an automobile accident. The Court held that the provision was in direct conflict with § 17 of the Bankruptcy Act which states that a discharge in bankruptcy fully discharges all but certain specified judgments and, therefore, was unconstitutional as violative of the Supremacy Clause. *Id.* at 652, 91 S.Ct.

at 1712. The Court discussed the controlling principle that any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause:

> We can no longer adhere to the aberrational doctrine of … that state law may frustrate the operation of federal law as long as the state legislature in passing its law had some purpose in mind other than one of frustration. Apart from the fact that it is at odds with the approach taken in nearly all our Supremacy Clause cases, such a doctrine would enable state legislatures to nullify nearly all unwanted federal legislation by simply publishing a legislative committee report articulating some state interest or policy—other than frustration of the federal objective—that would be tangentially furthered by the proposed state law.

*Id.* Therefore, the fact that a state statute is not *designed* for the protection of creditors or to aid collection of debts, but is intended to promote highway safety, does not alter its *effect*—circumvention of the bankruptcy laws.

The Sixth Circuit specifically examined the Ohio Financial Responsibility Act consistent with *Perez:*

> [S]ince the present Ohio Act provides that a judgment stayed or discharged in bankruptcy need not be satisfied by the judgment debtor as a condition to the restoration of driving privileges, it clearly is consistent with the immediate holding in *Perez:* the Act neither provides creditors 'leverage for the collection of damages,' nor under the facts here does it coerce bankrupts into reaffirming discharged debts. *Perez v. Campbell,* 402 U.S. 637, 646–47, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971).

*Duffey,* 734 F.2d at 272.

## CONCLUSION

Accordingly, the decision of the bankruptcy judge in favor of debtor-appellee is appropriate under federal bankruptcy law and is supported by substantial credible evidence. His findings of fact are not clearly erroneous and are not subject to reversal. Therefore, the decision of the bankruptcy court is AFFIRMED and judgment shall be entered accordingly.

IT IS SO ORDERED.